IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON AYERS,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-4064 |
| | : | |
| INFINITY DENTAL MANAGEMENT LLC<br>    Defendants. | : | |

**MEMORANDUM**

**YOUNGE, J.**                                                                                     November 8, 2023

      Jason Ayers filed a Complaint on October 17, 2023 against his former employer Infinity Dental Management LLC ("Infinity") alleging race discrimination in employment. Ayers also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Ayers *in forma pauperis* status, and dismiss the Complaint with leave to amend.

**I.     FACTUAL ALLEGATIONS**[1]

      Ayers's allegations are brief. He asserts that he was hired by Infinity in 2017 at its location in Langhorne, Pennsylvania. (Compl. at 4.) He alleges he experienced racism since the day he started his job. (*Id*.) He claims that the owner of the business, Dr. Patel, "would always make racist remarks to me." (*Id*.) When he asked Patel about an "MLK Campaign," Patel told him he did not want "those type of people here." (*Id*.) When Ayers asked to whom he was referring, Patel allegedly responded "Black." (*Id*.) Ayers asserts that on more than one occasion while he was eating lunch with coworkers, Patel asked him if he was eating fried chicken and

---

[1] The factual allegations set forth in this Memorandum are taken from Ayers's Complaint (ECF No. 2). The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

watermelon. (*Id.*) Ayers alleges that on another occasion, Patel let Ayers use his credit card to make a purchase for an office party but when he returned Patel snatched the card and said "give that back you know how you Black guys steal." (*Id.* at 5.)

Patel allegedly fired Ayers on November 15, 2018.[2] (*Id.*) Ayers claims that Patel blocked him from getting unemployment benefits by using a forged document. (*Id.*) The local police did not believe Ayers when he reported the incident. (*Id.*) Ayers asserts that he became suicidal and needed to see a therapist due to depression from losing his job and experiencing racism. (*Id.* at 6.) He seeks money damages.

## II. STANDARD OF REVIEW

The Court grants Ayers leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Ayers is proceeding *pro se*,

---

[2] Ayers also asserts that he "calmy, [] quit Infinity Management." (*Id.* at 5.)

the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a); 29 U.S.C. § 623; 42 U.S.C. § 12112). The Court understands Ayers to be asserting an employment discrimination claim under Title VII of the Civil Rights Act.[3] In general, to state a *prima facie* case of employment discrimination, a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position in question; (3) he suffered an adverse employment action, and; (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). In particular, a plaintiff must allege sufficient facts to raise a reasonable expectation that discovery will reveal evidence that his membership in a protected class was "either a motivating or determinative factor" in his

---

[3] Notably, Ayers checked the box on the form complaint he filed indicating that he seeks to invoke the Court's diversity of citizenship jurisdiction, and he alleged that he is a citizen of Delaware and Infinity is a citizen of Pennsylvania. Although he alleges that Patel used a forged document, it is unclear whether Ayers intended to raise any state law tort claims. Ayers may have also intended to raise claims under state law for race discrimination in employment in violation of the Pennsylvania Human Relations Act. Claims under the PHRA are interpreted coextensively with their federal counterparts. *Atkinson v. LaFayette Coll.*, 460 F.3d 447, 454 n.6 (3d Cir. 2006) (citing *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996)). A plaintiff must allege these same elements in order to set forth a plausible claim under the PHRA. *See Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996) (noting that Pennsylvania courts "generally interpret the PHRA in accord with its federal counterparts"). Thus, the defects the Court will proceed to discuss regarding Ayers's federal law claims apply to any claim under the PHRA as well.

employer's adverse employment action against him. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016); *see also Santos v. Iron Mountain Film & Sound*, 593 F. App'x 117, 119 (3d Cir. 2014) (*per curiam*) (explaining that to survive a motion to dismiss a plaintiff "cannot merely state that he was discharged due to his national origin" and instead "must plead facts that plausibly connect his national origin to his discharge").[4] *See also Culler v. Sec'y of U.S. Veterans Affairs*, 507 F. App' x 246, 249 (3d Cir. 2012) (*per curium*) (explaining that "[t]he discrimination must be 'because of' the employee's protected status or activity" (quoting *Andreoli v. Gates*, 482 F.3d 641, 644 (3d Cir. 2007)). To state a claim under the federal laws prohibiting employment discrimination, a plaintiff must allege sufficient facts to raise a reasonable expectation that his membership in a protected class was "either a motivating or determinative factor" in the employer's adverse employment action against him. *Connelly*, 809 F.3d at 789.

Because Ayers asserts that he was terminated from his employment, he has satisfied the adverse employment action element of a Title VII claim. However, Ayers does not allege facts to indicate that he is a member of a protected class[5] and was qualified for the position in

---

[4] A complaint need not establish a *prima facie case* to survive statutory screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because a *prima facie case* is an evidentiary standard, not a pleading requirement, and hence is not a proper measure of whether a complaint fails to state a claim. *Connelly*, 809 F.3d 788-89 (internal citations and quotations omitted). Nonetheless, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009).

[5] While Ayers alleges that Dr. Patel made racial comments about Blacks and invoked racial stereotypes about food, the Court cannot merely assume from these statements that Ayers is himself a member of a protected class. *See, e.g,*, *McClaren v. NJ State Dep't of Educ.*, No. 14-3213, 2015 WL 337481, at *5 (D.N.J. Jan. 26, 2015) ("Here, Plaintiff has failed to allege the most fundamental element: that she is a member of a protected class for the purposes of Title VII. While she makes several allegations regarding treatment of African American employees, she never identifies her own race or ethnicity. Membership in a protected class is a fundamental

question.  He also fails to allege he was fired under circumstances giving rise to an inference of discrimination since he fails to specify when the incidents he describes occurred in relation to his termination, provide any context for why he was terminated, or make clear if the allegations concerning Patel's comments about the credit card, his food, and his suggestion about an MLK Campaign were related to his firing.  In other words, the brief allegations in the Complaint fail to raise a reasonable expectation that discovery will reveal evidence that Ayers's membership in a protected class was a motivating or determinative factor in his termination.  In the absence of such facts, he has not plausibly alleged claims for employment discrimination arising from his termination.  *See, e.g.*, *Favors v. Sec'y United States Dep't of Veterans Affs.*, 695 F. App'x 42, 44 (3d Cir. 2017) (*per curiam*) (affirming dismissal of Title VII race discrimination claim where plaintiff "included no allegations whatsoever linking his termination to his race").  Accordingly, his wrongful termination claim cannot proceed.  However, the Court will grant Ayers an opportunity to file an amended complaint if he is capable or curing these defects.[6]

---

aspect of a Title VII claim and in the absence of any pleadings regarding what protected class Plaintiff is a member, the claim fails on this basis."); *see also Rich v. Univ. of Delaware*, No. 22-27, 2023 WL 4265457, at *3 (D. Del. June 29, 2023) ("Plaintiff fails to establish a prima facie case of racial discrimination in employment under Title VII.  Plaintiff's amended complaint does not expressly allege that he is a member of a protected class").

[6] The Court also notes that Ayers states only that the events at Infinity occurred in 2017 and he was terminated in 2018.  Ayers filed his complaint in 2023.  "To bring suit under Title VII, a claimant in a deferral state, such as Pennsylvania, must first file a complaint with the [Equal Employment Opportunity Commission] within 300 days of the alleged unlawful employment practice." *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013) (citing 42 U.S.C. § 2000e-5(e)(1)).  A plaintiff who fails to bring a charge within that 300-day time period has failed to exhaust administrative remedies as required by Title VII and is therefore barred from bringing an action in federal court.  *See Valentin v. Manpower Grp. Sols.*, 792 F. App'x 208, 210 (3d Cir. 2019) (*per curiam*) ("Title VII requires a claimant in Pennsylvania to file a charge with the EEOC within 300 days of an unlawful employment practice.  Absent the filing of such a charge, a claim for relief under federal law may not proceed." (citations omitted)); *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000) ("Watson's attempt to obtain relief under federal law from Kodak's alleged employment

Ayers may also be attempting to plead a hostile work environment claim under Title VII. In order to do so plausibly, a plaintiff must allege: (1) he suffered intentional discrimination because of membership in a protected class; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected him; (4) it would have detrimentally affected a reasonable person in like circumstances; and (5) a basis for employer liability is present. *Starnes v. Butler Cnty. Ct. of Common Pleas, 50th Jud. Dist.*, 971 F.3d 416, 428 (3d Cir. 2020) (alterations, internal quotations, and citations omitted); *Felder v. Penn Mfg. Indus., Inc.*, 303 F.R.D. 241, 243 (E.D. Pa. 2014). However, "Title VII imposes no general civility code" as it "does not reach the ordinary tribulations of the workplace, for example, sporadic use of abusive language or generally boorish conduct." *Vance v. Ball State Univ.*, 570 U.S. 421, 452 (2013) (internal quotations omitted). Again, because Ayers does not allege he is a member of a protected class, any hostile workplace claim cannot proceed.

## IV.   CONCLUSION

Because Ayers's discrimination claims against Infinity are not plausible, the Complaint must be dismissed. However, the Court will permit Ayers an opportunity to file an amended complaint if he is capable of curing the defects the Court has identified in his claims. An appropriate Order will be entered providing additional instructions for filing an amended complaint.

**BY THE COURT:**

  **/s/ John Milton Younge**
**JOHN MILTON YOUNGE, J.**

---

discrimination on the basis of race and age may proceed only if he filed his administrative charge of discrimination within 300 days of the unlawful employment actions he challenges."). It is unclear whether any events involving Ayers's termination occurred more recently than 2018 and whether Ayers filed a complaint with the EEOC. Should Ayers decide to file an amended complaint, he should be cognizant of these issues as well.